299 N.W.2d 738 (1980)
BENEDICTINE SISTERS BENEVOLENT ASSOCIATION, d. b. a. St. Mary's Hospital, Duluth, Minnesota, petitioner, Respondent,
v.
George R. PETTERSEN, M.D., State of Minnesota, Commissioner of Health, Minnesota Department of Health, Appellant.
No. 51257.
Supreme Court of Minnesota.
December 5, 1980.
*739 Warren Spannaus, Atty. Gen., St. Paul, for appellant.
Johnson, Fredin, Killen, Thibodeau & Seiler, Duluth, for respondent.
Considered and decided by the court en banc without oral argument.
OTIS, Justice.
On this appeal from an order and writ of mandamus, the commissioner of health challenges the determination of the district court that his failure to render a decision upon respondent's application for a certificate of need within the 30-day period specified by Minn.Stat. § 145.838, subd. 1 (Supp. 1979) had the effect of approval of the application, entitling respondent to receive the certificate. We do not so construe this statutory provision and therefore reverse.
In March 1978 respondent, a charitable nonprofit corporation which operates St. Mary's Hospital in Duluth, initiated the procedures required under the first Minnesota Certificate of Need Act, Minn.Stat. §§ 145.71 to 145.83 (1978), to obtain a certificate of need in order to develop a cardiac surgery program at the hospital. Pursuant to this act respondent submitted the application first to the Health Systems Agency of Western Lake Superior (HSA), a federally created agency which under section 145.78 (1978) was required to review the proposed program, hold a public hearing thereon, make findings of fact and recommendations concerning it, and recommend to appellant that he either issue or refuse to issue the certificate. Minn.Stat. § 145.79 (1978) provided that within 60 days after receiving the recommendation from HSA appellant should make his decision to issue the certificate, reject the application, or refer it back to HSA with instructions for further consideration and recommendations.
Following the initiation of these procedures the Minnesota Legislature repealed the first Minnesota Certificate of Need Act and enacted Minn.Stat. §§ 145.832 to 145.845 (Supp.1979). 1979 Minn.Laws ch. 323. The new act required the HSA to perform the same reviewing functions it had under the prior act and to make its recommendation to the commissioner concerning issuance, denial, or issuance with revisions of the requested certificate of need. Minn. Stat. § 145.837 (Supp.1979). It also provided that the commissioner, within 30 days after receiving this recommendation, should review the matter and make his decision to issue the certificate of need, to deny it, or to remand the application to HSA with instructions for further consideration and recommendations. Minn.Stat. § 145.838, subd. 1 (Supp.1979).
On October 12, 1979, the commissioner received a recommendation from HSA that he issue the certificate to respondent. Apparently under the impression that he had 60 days in which to act, the commissioner did not issue his decision until December 11, 1979. He then denied the application, and respondent sought judicial review of this decision pursuant to Minn.Stat. § 145.838, subd. 3 (Supp.1979). It also sought a writ of mandamus, contending that upon expiration of the 30 days provided in section 145.838, *740 subd. 1 (Supp.1979) it was entitled to issuance of the certificate. The district court rejected the commissioner's claim that the prior statute was applicable and held that because he had failed to act within the 30-day period respondent was entitled to the certificate.
We agree that Minn.Stat. § 145.838, subd. 1 (Supp.1979) governs. See Minn.Stat. § 645.21 (1974). We do not agree that the 30-day requirement is mandatory, however, nor that respondent became entitled to issuance of a certificate upon the expiration of the 30-day period. Instead, we construe the time limitation in this statute as directory and hold that the commissioner's decision was valid whether or not it was issued within the prescribed 30 days. We have observed in several cases that statutory provisions defining the time and mode in which public officers shall discharge their duties, and which are obviously designed merely to secure order, uniformity, system, and dispatch in public business, are generally deemed directory. First National Bank of Shakopee v. Department of Commerce, 310 Minn. 127, 245 N.W.2d 861 (1976); Perkins v. National R.R. Passenger Corp., 289 N.W.2d 462 (Minn.1979). In this case, consideration of the purposes for which this legislation was enacted and of the commissioner's responsibilities under the act requires us to conclude that construing the time requirement of section 145.838, subd. 1 (Supp.1979) as mandatory would be contrary to the intent of the legislature. Among the purposes of both the former and the present acts are the promotion of comprehensive health care and the avoidance of unnecessary duplication of health care facilities and services by ensuring that only needed facilities and services will be developed. Minn.Stat. § 145.832, subd. 1 (Supp. 1979); Minn.Stat. § 145.71, subd. 1 (1978).
Both acts also require that the commissioner contribute his expertise in the process of deciding whether proposed health care facilities will carry out these purposes, which are of obvious importance to all citizens of the state. We reject a construction of section 145.838, subd. 1 (Supp.1979), which requires the commissioner to issue a certificate of need which in his informed judgment does not advance the purposes of the act, merely because his decision was made more than 30 days after he received the recommendation of the HSA.
Reversed.